UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Damarlo West, | Case No. 21-cv-1280 (DSD/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| City of Minneapolis, *et al.*, | |
| Defendants. | |

This matter is before the Court on the parties' Joint Motion to Seal ("Sealing Motion") (ECF No. 150) filed in connection with Plaintiff's Daubert Motion to Exclude Expert Testimony ("Daubert Motion") (ECF No. 115) and Defendants' Motion for Summary Judgment ("Summary Judgment Motion") (ECF No. 117). Plaintiff filed two exhibits in support of its Daubert Motion under seal (ECF No. 125, Exhibit 8; ECF No. 126, Exhibit 9) and stated that redaction was impracticable (ECF No. 130). Defendants filed several exhibits in support of their Summary Judgment Motion conventionally and under seal. (*See* ECF No. 137, Exhibit 2; ECF No. 138, Exhibits 4-8.) Defendants filed placeholders for each of those Exhibits under seal (ECF Nos. 137, 138), along with a statement that redaction was impracticable (ECF No. 139). Defendants later filed a redacted version of Exhibit 2 (ECF No. 140), and now assert that the placeholder they filed for Exhibit 2 (ECF No. 137) was filed in error (*see* ECF No. 150 at 3).

The parties are in agreement with respect to the continued sealing or unsealing of the documents at issue. They agree that: (1) Plaintiff's Exhibit 8 (ECF No. 125) should remain sealed because it contains Plaintiff's private confidential medical information; (2) Plaintiff's Exhibit 9 (ECF No. 126) may be unsealed because it is a deposition transcript that does not contain the type of information recognized as protected; (3) Defendants' placeholder filed in error (ECF No. 137) may

be unsealed and marked as filed in error; (4) Defendants' Exhibits 4-8 (ECF No. 138) should remain sealed because they are body-worn camera videos that are not public data under the Minnesota Government Data Protection Act, Minn. Stat. 13.825, subd. 2(a); and (5) Defendants' Exhibit 2 (ECF No. 140), a police report, should be further redacted to remove personal information related to persons not involved in this lawsuit, with the redacted document to be filed publicly while the unredacted exhibit remains sealed. (*See* ECF No. 150 at 3-4.) The parties further attached a copy of Defendant's Exhibit 2 with their additional proposed redactions (ECF No. 150-1).

Parties may seal documents in a civil case "only as provided by statute or rule, or with leave of court." L.R. 5.6(a)(1). "There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222–23 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978)). Notwithstanding, the right of access is not absolute and requires the Court to balance the competing interests of public access against the legitimate interests of maintaining confidentiality of the information sought to be sealed. *Id.* at 1123. "[T]he weight to be given to the presumption of [public] access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *Id.* at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d. Cir. 1995).

The parties filed the documents at issue in connection with Plaintiff's Daubert Motion (ECF No. 115) and Defendants' Motion for Summary Judgment (ECF No. 117). Before the District Judge ruled on these motions, Plaintiff filed a Stipulation of Dismissal with Prejudice (ECF No. 147), and the District Judge, the Honorable David S. Doty, dismissed this matter on April 22, 2024 (ECF No. 149). The documents therefore did not play a role in the District Judge's exercise of Article III judicial power. Furthermore, having reviewed the documents at issue the Court finds good cause to grant the parties' Sealing Motion because the Exhibits they request to remain sealed contain

sensitive private information or information otherwise protected and confidential under state law.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the parties' Joint Motion to Seal (ECF No. [150]) is **GRANTED** as follows:

1. The Clerk is directed to keep ECF Nos. [125], [138] and [140] under seal;

2. ECF No. [126] and ECF No. [137], as a placeholder, shall be unsealed 28 days after the date of this Order, unless a timely motion for further consideration is filed pursuant to Local Rule 5.6(d)(3);

3. ECF No. [137] shall be marked as filed in error; and

4. ECF No. [150-1] shall be publicly filed as Exhibit 2 to Defendants' Motion for Summary Judgment (ECF No. 117).

Dated:  May 8, 2024                     *s/ Dulce J. Foster*
                                                            DULCE J. FOSTER
                                                            United States Magistrate Judge